STATE v. DAVE KING.

*Indictment—Betting at "Ten-pins."*

The game known as "ten-pins," like its kindred English game of "bowls," is not a game of chance for betting at which the participants are indictable under chapter 29, Acts of 1891. (*State* v. *Gupton*, 8 Ired., 271, followed.)

Indictment under chapter 29, Acts of 1891, tried at August Term, 1893, of PERSON Superior Court, before *Brown, J.*

The jury rendered the following special verdict:

"The defendant and one Dave Clayton, who is indicted in this bill but not on trial, at the date mentioned, and in this county, were playing at a game called ten-pins, at which

money was bet by the defendants, to-wit, $1 with each other. The said game is played on an alley about sixty feet long and four feet wide. Ten wooden pins are set up at one end, and the players roll balls and knock them down, and the player knocking down the largest number wins the game. The game played for money by these defendants was identical with the game commonly known by the name of ten-pins."

Upon the special verdict as above, his Honor directed a verdict of "not guilty" and discharged the defendant, from which judgment the Solicitor appealed.

*The Attorney General*, for the State (appellant).
*Messrs. Boone & Parker*, for defendant.

SHEPHERD, C. J.: The defendant is indicted for a violation of chapter 29 of the Acts of 1891, which provides: "That it shall be unlawful for any person to play at a game of chance at which money, property or other thing of value is bet, whether the same be in stake or not, and those who play and bet therein shall be guilty of a misdemeanor." The defendant both played and bet at a game known as "ten-pins," and the manner in which such game is played is particularly described in the special verdict. The only question to be decided is whether such a game is a game of chance, and that it is not we have direct authority in the case of *State* v. *Gupton*, 8 Ired., 271. After an interesting discussion as to what constitutes a game of chance, RUFFIN, C. J., concludes that "we take this game to be one species of the game known in England and spoken of in her statutes under the general term of *bowls*, and, if it be, there is legal authority for holding it not to be a game of chance." The Attorney General, with his usual and commendable candor, yields the case under the above decision.                    Affirmed.